UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOMAS ZAVALIDROGA,

                          Plaintiff,

v.

SAMUEL HESTER, individually and officially; DANIEL
CHRISTMAS, individually and as dir. of Christmas and
Assocs. land consortium; NICK POLCE, individually
and as dir. of Gateway Props.; TED HOUSEMAN,
individually; COREY E. KELLEY, individually;
THERESA GIROUARD, individually and officially;
WILLIAM P. SCHMITT, individually and officially; and
HERITAGE HOME–THE GRAND, a nursing facility,

                          Defendants.

Case No. 6:19-CV-1412
(GTS/TWD)

_____

APPEARANCES:                                OF COUNSEL:

TOMAS ZAVALIDROGA
  Plaintiff, *Pro Se*
Rt. 28, P.O. General Delivery
Old Forge, New York 13420

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Tomas Zavalidroga ("Plaintiff") against the eight above-captioned individuals and entity ("Defendants"), are United States Magistrate Judge Thérèse Wiley Dancks' Order and Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed, and Plaintiff's Objections thereto. (Dkt. Nos. 10, 12.) For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed.

I.      **GOVERNING LEGAL STANDARD**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not,

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]

---

[3]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,

Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

Even when construed with the utmost of special leniency, Plaintiff's Objections assert no specific challenge to the following four parts of Magistrate Judge Dancks' Report-Recommendation: (1) her findings and conclusion regarding Plaintiff's claims asserted on behalf of his mother Margaret; (2) her findings and conclusion regarding Plaintiff's claims under 42 U.S.C. § 1985; (3) her findings and conclusion regarding Plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act; and (4) her findings and conclusion regarding Plaintiff's supplemental state-law claims. (*Compare* Dkt. No. 10 *with* Dkt. No. 12.) As a result, these four parts of Magistrate Judge Dancks' Report-Recommendation are reviewed for only clear error. *See, supra,* Part I of this Decision and Order.

---

J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds only the following seven points.

First, Plaintiff's arguments that this case was improperly reassigned and that Magistrate Judge Dancks incorrectly applied the governing legal standard are so clearly lacking in merit as to not warrant discussion.

Second, Plaintiff's interpretation of the Report-Recommendation as being based on the doctrine of *res judicata* is mistaken. Rather than basing its recommendation of dismissal on that doctrine (which it does even expressly reference), the Report-Recommendation acknowledges that Plaintiff's Complaint is based on new events (Dkt. No. 10, at 10-11), and discusses the adjudication of his prior claims to show both the reasons that his current claims are defective and the reason that he knew (or should have known) of those defects when he filed his Complaint.

Third, Plaintiff's argument regarding his claim under 42 U.S.C. § 1983 is unpersuasive because, despite his reliance on *Dennis v. Sparks*, 449 U.S. 24 (1980), Plaintiff does not in his Complaint allege facts plausibly suggesting a conspiracy by private parties with a state actor for purposes of 42 U.S.C. § 1983 (nor is any such factual allegation likely given its conspicuous omission from Plaintiff's otherwise detailed Complaint).

Fourth, Plaintiff's argument regarding his claim under 42 U.S.C. § 1981 is unpersuasive

5

because neither of the two cases he cites stand for the point of law that "non-racial minorities" can sue under 42 U.S.C. § 1981. *See Shaare Tefila Congregation v. Cobb*, 481 U.S. 615 (1987) (recognizing racial discrimination claim by Jewish persons under 42 U.S.C. § 1982, because they were among the peoples considered to be distinct races and hence within the protection of the statute at the time it was passed); *Johnson Ry. Express Agency*, 421 U.S.C. 545 (1975) (addressing racial discrimination claim by African-American man under 42 U.S.C. § 1981).

Fifth, Plaintiff's arguments regarding his claims under the False Claims Act ("FCA") and Federal Nursing Home Reform Act ("FNHRA") are unpersuasive because none of the cases he cites stand for the point of law that, within the *Second* Circuit, he can pursue a *qui tam* action under the False Claims Act *pro se*, or that he can pursue any private right of action under the FNHRA (*pro se* or not). *See U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009) (addressing *qui tam* claims litigated by represented appellants); *Newman v. Piggie Park Enter.*, 390 U.S. 400 (1968) (not addressing a claim under either the FCA or FNHRA); *Grammar v. John J. Kane Reg'l Ctrs.–Glen Hazel*, 570 F.3d 520 (*3d* Cir. 2009).[5]

Sixth, Plaintiff's argument regarding his claim under the International Covenant on Civil and Political Rights ("ICCPR") is unpersuasive because the case he cites does not stand for the point of law that the ICCPR creates an independent right that is cognizable in this Court. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 728 (2004) ("Several times, indeed, the Senate has expressly declined to give the federal courts the task of interpreting and applying international human rights law, as when its ratification of the International Covenant on Civil and Political

---

[5] The Court notes that, in *Eisenstein*, the district court dismissed the *pro se* plaintiffs' *qui tam* action. *U.S. ex rel. Eisenstein v. City of New York*, 03-CV-0413, 2006 WL 846376, at *10-11 (S.D.N.Y. March 31, 2009).

Rights declared that the substantive provisions of the document were not self-executing.").

Seventh and finally, although the Report-Recommendation concludes with the recommendation that the Complaint "be dismissed in its entirety without leave to amend" (Dkt. No. 10, at 26 [emphasis removed]), the Court construes the body of the Report-Recommendation as recommending that Plaintiff's Complaint be dismissed with prejudice except for (1) any claims asserted on behalf of Margaret Zavalidroga, which should be dismissed without prejudice, and (2) Plaintiff's state-law claims, which should be dismissed without prejudice to refiling in state court within the applicable limitations period.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 10) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice EXCEPT** for any claims asserted on behalf of Margaret Zavalidroga, which are **DISMISSED without prejudice**, and Plaintiff's state-law claims, which are **DISMISSED without prejudice** to refiling in state court within the applicable limitations period.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: February 11, 2020
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge